Swing, J.
Sec. 8228-72, sec. 4 of the E. St. of Ohio defines the duties of the inspector. It says: “It shall be the duty of the inspector appointed under the provisions of this act to inspect any building or structure which may be in the course of construction or alteration within the limits of said city, and to see that each building or structure is being constructed or altered according to the provisions of this act, and all acts and ordinances in force in said city. ’ ’
The inspector refused to grant the permit asked for by the relator, for the reason that the plan contemplated an oriel window, commencing 27 feet above the sidewalk, and extending out over the sidewalk at the furtherest point three feet. It was admitted that the plan of the building simply as a building, was unobjectionable, and conformed to all the provisions of the aforesaid building act of Ohio, and that the’ projection of the oriel window over the sidewalk was the reason assigned by the inspector for refusing the permit.
It was further admitted that there was no ordinance of said city of Cincinnati, which regulated or prohibited the construction of oriel or bay windows, extending beyond the line of the owner’s lot into the sidewalk or street.
It was further shown that hundreds of buildings have recently been constructed in said city with projections of a like nature.
The evidence further showed that the purpose of placing this oriel window on the building was to beautify it.
It seems to us that the question presented in this application is not difficult of solution, and is confined within a very narrow compass.
The inspector is bound to issue a permit to erect a building to one properly applying for one, when the proposed *560 building is in accordance witlit lie above act, and it is admitted that this building is in accordance with said act.
Bromrell & Bruce, for relator.
Fred. Hertenstein, Corporation Counsel, for defendant.
It is further admitted that there is no ordinance, of said city, which regulates or prescribes the limits of bay or oriel windows or like features of buildings, and therefore the inspector cannot saj' that this prpposed building is not in accordance. with any ordinance of said city, or that there is any ordinance of said city, which prohibits it, and therefore if it is not contrary, to the law of the state or the city, he cannot refuse; for as building inspector, acting under this law, he is the agent of the state to carry out the provisions of this law, and he cannot take upon himself any authority in regard to the city, not imposed upon him by this act. This can only be done, by the city passing an ordinance, which by force of this law, then becomes a part of his duty.
In this case there was no law or ordinance which justified his refusal to grant the permit asked for, and a writ of mandamus should issue as prayed for.